UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RICHIE RIVERA, CARMEN RIVERA, DENNIS RIVERA, and ENRIQUE CASTELLANO,

                             Plaintiffs,

    -against-

THE CITY OF NEW YORK,
POLICE OFFICER DAISY MARTINEZ (TAX 936077),
SERGEANT JAMES SLAVIN (TAX 933362),
CAPTAIN ERIC PEREZ (TAX 919919),
SERGEANT MICHAEL MILLER (TAX 921596),
POLICE OFFICER WILLIAM REDDIN (TAX 944924),
and JOHN and JANE DOES 1-5,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**SECOND AMENDED COMPLAINT**

14 CV 5220 (JBW) (MDG)

**JURY TRIAL DEMANDED**

        Plaintiffs, Richie Rivera, Carmen Rivera, Dennis Rivera, and Enrique Castellano, by their attorneys, Reibman & Weiner, as and for their Second Amended Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE, and JURISDICTION

        1.     Plaintiffs, Richie Rivera, Dennis Rivera, and Enrique Castellano, are adult male residents of Kings County, within the State of New York.

        2.     Plaintiff, Carmen Rivera, is an adult female resident of Kings County, within the State of New York

        3.     Richie Rivera and Dennis Rivera are brothers, and are both the sons of plaintiff, Carmen Rivera.

        4.     Enrique Castellano is the uncle of Richie and Dennis Rivera.

5.   At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees, and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

6.   At all relevant times hereinafter mentioned, defendant, Daisy Martinez, was an adult employed by the City of New York as a member of the NYPD assigned to the 81st Precinct with the rank of Police Officer. Defendant Martinez is sued herein in her official and individual capacities.

7.   At all relevant times hereinafter mentioned, defendant, James Slavin, was an adult employed by the City of New York as a member of the NYPD assigned to the 81st Precinct with the rank of Sergeant. Defendant Slavin is sued herein in his official and individual capacities. Upon information and belief, defendant Slavin is currently assigned to the 17th Precinct.

8.   At all relevant times hereinafter mentioned, defendant, Eric Perez, was an adult employed by the City of New York as a member of the NYPD assigned to the 81st Precinct of the NYPD, with the rank of Sergeant. Defendant Perez is sued herein in his official and individual capacities. Upon information and belief, defendant Perez is currently assigned to the Employment Management Division of the NYPD.

9.   At all relevant times hereinafter mentioned, defendant, Michael Miller, was an adult employed by the City of New York as a member of the NYPD assigned to the 81st Precinct with the rank of Sergeant. Defendant Miller is sued herein in his official and individual

capacities. Upon information and belief, defendant Miller is currently assigned to the 81st Precinct.

10. At all relevant times hereinafter mentioned, defendant, William Reddin, was an adult employed by the City of New York as a member of the NYPD assigned to the 81st Precinct with the rank of Officer. Defendant Reddin is sued herein in his official and individual capacities. Upon information and belief, defendant Reddin is currently assigned to the 81st Precinct.

11. At all relevant times hereinafter mentioned, defendants JOHN and JANE DOES 1-5, were adults employed by the City of New York as members of the NYPD assigned to the 81st whose identities are currently unknown to the plaintiffs. The Doe defendants are sued herein in their official and individual capacities.

12. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

13. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

14. That plaintiffs timely served Notices of Claims on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

15. At least thirty days have elapsed since service of plaintiffs' Notices of Claims and adjustment and payment thereof has been neglected or refused.

16. That the within action has been initiated within one year and ninety days of the accrual of plaintiffs' claims pursuant to New York State Law.

## RELEVANT FACTS

17. On October 26, 2013 (the "Date of the Arrest"), at approximately 10:30 p.m., plaintiffs Richie Rivera, Carmen Rivera, Dennis Rivera, and Enrique Castellano were lawfully present inside of the apartment complex where they reside located at 300 Vernon Avenue, County of Kings, City and State of New York (the "Scene of the Arrest").

18. At this time, plaintiff, Dennis Rivera, was exiting his apartment unit on the fourth floor of the complex when he was approached by the individual defendants, including defendants Martinez an Slavin, who were on duty.

19. Some of the defendants were in uniform and others were in plain clothes

20. Upon information and belief, at the time of the incident, 300 Vernon Avenue was owned and operated by Shinda Management Corporation ("Shinda").

21. Shinda maintained cameras on every floor of the complex, including the fourth floor where this subject incident occurred.

22. Dennis Rivera was not engaged in any unlawful or suspicious activity.

23. Without any legal justification or excuse, the defendants approached Dennis Rivera, and placed him in handcuffs.

24. At no time did Dennis Rivera engage in any violent or threatening behavior, nor did he resist arrest.

25. The remaining plaintiffs, Richie Rivera, Carmen Rivera, and Enrique Castellano, were inside of their apartment unit on the fourth floor at the scene of the arrest at the time the defendants arrived and approached Dennis Rivera.

26. Richie Rivera, Carmen Rivera, and Enrique Castellano heard the defendants arriving on the fourth floor and exited their apartment unit to see what was going on.

27. Once they were in the hallway, Richie Rivera, Carmen Rivera, and Enrique Castellano were subjected to excessive force by the defendants, including defendants Perez, Miller, and Reddin, who were also present at the scene of the arrest.

28. Specifically, plaintiff, Carmen Rivera, a 75 year-old woman at the time and resident of the apartment complex where this incident occurred, was subject to illegal seizure, false arrest, false imprisonment, and excessive force when the defendants, *inter alia*, pushed her into a wall without any legal justification or excuse.

29. As a result of this and other excessive force perpetrated by the defendants against plaintiff Carmen Rivera, she sustained several physical injuries, including, but not limited to, a nasal fracture requiring medical attention including emergency medical treatment at a local area hospital.

30. As a result of the force used against her at the scene, plaintiff Carmen Rivera fell to the floor.

31. Plaintiff, Carmen Rivera, was not engaged in any suspicious or illegal activity.

32. Plaintiff, Carmen Rivera, was not engaged in any violent or threatening activity.

33. Plaintiff, Enrique Castellano was also subjected to excessive force at the scene of the arrest when the defendants pushed and hit him on his body without any legal justification or excuse.

34. Plaintiff, Enrique Castellano, was not engaged in any suspicious or illegal activity.

35. Plaintiff, Enrique Castellano, was not engaged in any violent or threatening activity.

36. Plaintiff, Richie Rivera, was also present on the fourth floor at the scene of the arrest at this time.

37. Plaintiff, Richie Rivera, was not engaged in any illegal or suspicious activity, nor was he engaged in any violent or threatening activity.

38. Without any legal justification or excuse, the defendants approached plaintiff, Richie Rivera, and subjected him to excessive force by, *inter alia*, striking and kicking him on his body, and slamming him to the ground.

39. Richie Rivera did not resist arrest or engage in any other activity which would have justified the defendants' arrest of him.

40. Nonetheless, the defendants arrested Richie Rivera by placing him in handcuffs.

41. Richie Rivera was obviously injured and was bleeding from his face.

42. The defendants formally arrested plaintiff Richie Rivera.

43. Richie Rivera and Dennis Rivera were both formally arrested; plaintiffs Carmen Rivera and Enrique Castellano were not formally taken into custody.

44. Despite the absence of any evidence of wrongdoing on the part of plaintiffs, and despite the fact that there was no legal basis to detain, much less search plaintiffs, the individual defendants searched plaintiffs Richie and Dennis Rivera.

45. The search yielded no evidence of any guns, drugs, or contraband.

46. Despite the absence of any evidence of wrongdoing on the part of plaintiffs, the defendants formally arrested plaintiffs Richie and Dennis Rivera.

47. Richie and Dennis Rivera were then transferred to a local area precinct believed to be the 81st Precinct, where they were held for several hours.

48. While in custody, plaintiff Richie Rivera, was taken to the emergency room of a local area hospital to receive treatment for the injuries he sustained at the hands of the defendants.

49. Plaintiff Carmen Rivera also sought medical attention immediately following the incident.

50. Upon information and belief, members of the NYPD Internal Affairs Bureau ("IAB") interviewed plaintiffs Carmen Rivera and Richie Rivera while they were in the hospital following the incident.

51. Upon information and belief, there is an IAB investigation pending related to this incident under IAB Log Number 13-45482.

52. Upon information and belief, there was also a Civilian Complaint Review Board ("CCRB") investigation conducted with respect to this incident pending under CCRB case number 201310273.

53. From the emergency room, Richie Rivera was then taken back to the 81st Precinct before he was transferred to Kings County Central Booking.

54. Dennis Rivera was also transferred from the 81st Precinct to Kings County Central Booking after several hours.

55. Both plaintiffs were held at Kings County Central Booking for several hours before they were arraigned on criminal complaints containing false allegations supplied by the defendants.

56. Richie and Dennis Rivera were each given future court dates and released from custody.

57. Plaintiff, Dennis Rivera, was forced to make several court appearances pursuant to these false allegations over the course of several months before the charges against him were dismissed on speedy trial provisions.

58. Plaintiff, Richie Rivera, was forced to make several court appearances pursuant to these false allegations before he acceded to an adjournment in contemplation of dismissal.

59. Accordingly, his charges were dismissed in his favor.

60. While plaintiffs were in defendants' custody, the defendants created or caused the creation of paperwork memorializing false factual allegations.

61. These allegations were false and the defendants knew them to be false when they were made.

62. The defendants made or brought about these false allegations with the understanding that the false allegations would justify their illegal search and seizure of all of plaintiffs, and the force used against each of them, and that they would be transmitted to the Kings County District Attorney ("KCDA") so that the KCDA would commence the criminal prosecution of the plaintiff.

63. The false allegations were then, in fact, transmitted or otherwise communicated to the KCDA.

64. It was objectively unreasonable for the defendants to arrest or seize any of the plaintiffs, or to use force against any of the plaintiffs, since there was no probable cause or reasonable basis to suspect that any of them had engaged in any unlawful activity.

65. At no time did there exist any basis to utilize any level of force against plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

66. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiffs.

67. The individual defendants, including the Doe defendants, intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

68. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

69. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

70. Defendants willfully and intentionally assaulted, battered, seized, searched, imprisoned, and falsely arrested plaintiffs, all without probable cause or a reasonable basis to believe such cause existed.

71. Defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

72. The defendants willfully and intentionally subjected plaintiffs to unlawful detention without any probable cause or reasonable basis to believe that plaintiffs were engaged in any unlawful activity.

73. The defendants each willfully and intentionally failed to intervene on the behalf of each plaintiff, and failed to protect each plaintiff from false arrest and excessive force, even though the defendants witnessed or had notice of each defendants' illegal and unlawful conduct with regard to each plaintiff.

74. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, denial of due process, and malicious use and abuse of process, and subjected Dennis Rivera to malicious prosecution, and thereby violated, conspired to violate, and

aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

75. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

76. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

77. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

78. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

79. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy,

practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

      80.    All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

      81.    The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a.    Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b.    Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c.    Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d.    Retaliating against officers who report police misconduct; and

    e.    Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

      82.    The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

    a.    *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

    b.    *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c.    *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

    d.    *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

    e.    *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);
    f.    *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    g.    *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.)

    h.    *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

    i.    *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.    *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.    *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.    *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.    *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.    *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.    *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.    *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

    r.    *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

      s.    *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

83.    In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

84.    Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

85.    It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

86.    By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

**THIRD CAUSE OF ACTION**

87. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

88. Plaintiffs were subjected to assault, battery, false arrest, excessive force, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

89. At no time did defendants have any legal basis for arresting plaintiffs, subjecting them to excessive force, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

90. The individual and municipal defendants are therefore liable under New York law to plaintiffs for assault, battery, false arrest, excessive force, denial of due process and fair trial.

91. The defendants are also liable to Dennis Rivera for malicious prosecution.

92. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

15

i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii. On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv. On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

v. On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi. On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

vii. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

viii. such other relief as the Court deems just and proper.


Dated: Brooklyn, New York
March 16, 2015


By: /s/
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiffs
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743